UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                              Criminal No. 20-185 (DWF)

          Plaintiff,

v.                                                     ORDER AND MEMORANDUM
                                                 REGARDING TERMINATION OF
Bryant Atkins,                                         SUPERVISED RELEASE

          Defendant.

This matter is before the Court upon Defendant Bryant Atkins' ("Defendant") *pro se* motion requesting early termination of supervised release (Doc. No. [4]). The Court has reviewed the file in this matter and consulted with the United States Pretrial Services and Probation Office.

Based upon the record before the Court and the Court having consulted with the United States Pretrial Services and Probation Office, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Bryant Atkins' request for early termination of his term of supervised release is respectfully **DENIED.**

2. The attached memorandum is being made a part hereof.

Dated: July 15, 2021                     s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge

# MEMORANDUM

On April 17, 2015, the Defendant was sentenced to 60 months of imprisonment and 3 years of supervised release. The Defendant served his sentence and on November 1, 2019 he was released from the custody of the Bureau of Prisons and placed on supervised release on the same day.

On September 14, 2020, the Defendant's case was transferred for purposes of supervised release from the Northern District of Illinois to the District of Minnesota consistent with 18 U.S.C. § 3605. Importantly, the Defendant has served 1 year and approximately 8 to 9 months of his 3-year term of supervised release. The Defendant's supervised release is scheduled to end on or about November 1, 2022.

By all reports thus far, the Defendant has complied with all conditions of supervised release including his time spent in Minnesota since September 14, 2020. The Court commends the Defendant for his effort and his progress. However, given the serious nature of the underlying offense which involved the distribution of heroin and the presence of a firearm, and the history and characteristics of the Defendant, the Court must respectfully deny his request for immediate termination of supervised release. The Court will explain why and the next steps to be taken.

The Court has the responsibility to not only monitor but assist the Defendant in transitioning to the community in addition to monitoring compliance with each and every condition of his supervised release because successful transition into the community benefits all individuals including the Defendant and serves the public interest and the

interests of justice.  Admittedly, pursuant to 18 U.S.C. § 3583(e)(1), the Court can terminate a Defendant's supervised release after he has served one year if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Given the serious nature of the underlying criminal conduct notwithstanding the Defendant's commendable compliance of his supervised release-since September of 2020, the Court has the responsibility to continue to not only monitor the Defendant as noted above, but also to assist him in transitioning to the community.  Thus, the Court declines at this time to grant the Defendant's motion finding it is too early to do so.  The Court will request that the United States Pretrial Services and Probation Office review the Defendant's status at the end of December of this year and submit a report to the Court and counsel on or about January 10, 2022.  With input from the United States Probation and Pretrial Services and the Defendant as well as the government's counsel, the Court will evaluate whether the Court should terminate the supervised release of the Defendant.

The Court would hope that irrespective of how the Defendant views the Court's decision at this time, he will continue to do the things that he has been doing, live the life that he wants to live and in doing so be in full compliance with all his conditions of supervised release which will mean that he is making a successful transition into the community which serves everyone's interest including the interests of justice.

D.W.F.